FILED

08 JUL 14 PM 12:42

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTO SOTO-ULLOA<br><br>Defendants. | Criminal Case No. 08MJ2043-WMC<br><br>**FINDINGS OF FACT AND ORDER OF DETENTION** |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 *et seq.*), this Court conducted a detention hearing on July 11, 2008, to determine whether Alberto Soto-Ulloa ("Defendant") should be held in custody pending trial, on the grounds that he is a flight risk. Assistant U.S. Attorney Harold W. Chun appeared on behalf of the United States. Attorney Elizabeth Barros appeared on behalf of Defendant.

Based on the evidence proffered by the United States and by Defendant, the Pretrial Services Report, and the Complaint, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant.

//

//

# I.

# FINDINGS OF FACT

**A.  Nature and Circumstances of the Offenses Charged (18 U.S.C.§ 3142(g)(1))**

1. Defendant is charged in Criminal Complaint No. 08MJ2043-WMC with the importation of approximately 917.04 kilograms (2017.48 lbs) of marijuana, a Schedule I Controlled Substance, in violation of 21 U.S.C. §§ 952 and 960.

2. If convicted of this charge, Defendant faces a maximum sentence of forty-years in prison pursuant to 21 U.S.C. § 960(b)(2)(G).

3. Because a maximum term of imprisonment of ten years or more for this offense is prescribed in 21 U.S.C. § 960(b)(1)(G), a presumption arises as set forth in 18 U.S.C. § 3142(e) that no condition or combination of conditions will reasonably assure the appearance of Defendant.

**B.  Weight of the Evidence Against Defendant (18 U.S.C.§ 3142(g)(2))**

1. On June 5, 2008, Defendant entered the United States from Mexico through the Otay Mesa, California Commercial Port of Entry as the driver and sole occupant of a 1983 Freightliner semi-tractor.

2. At the Port of Entry, Defendant presented a Laser B-1/B-2 Visa Border Crosser Card and Mexican Driver's License to a U.S. Customs and Border Protection Officer. The Officer noticed an anomaly in the front wall of the trailer. The Officer referred Defendant and his vehicle for further inspection.

3. In secondary inspection, a narcotic detection dog gave a positive alert to the presence of narcotics in Defendant's vehicle. During inspection of the vehicle, officers discovered one-hundred-twenty-two packages. An inspection of a randomly selected package revealed a green leafy substance that field tested positive for the properties of marijuana. The packages, in total, weighed 917.04 kilograms (2,017.48 lbs).

  **C.**  <u>**History and Characteristics of Defendant (18 U.S.C.§ 3142(g)(3))**</u>

  1.  Defendant is a citizen of Mexico.

  2.  Defendant lives in Mexico.

  3.  Defendant works as a truck driver in Mexico.

  4.  Defendant does not have any identifiable financial resources that would anchor him to this community.

  6.  Defendant has no criminal history.

## II.

## REASONS FOR DETENTION

  A.  There is probable cause to believe that Defendant committed the offense charged in Criminal Complaint No. 08MJ2043-WMC, importation of approximately 917.04 kilograms (2,017.48 lbs) of marijuana, a Schedule I Controlled Substance, in violation of 21 U.S.C. §§ 952 and 960.

  B.  Defendant may be motivated to flee to Mexico based on the maximum term of imprisonment for this offense.

  C.  Defendant has always resided in Mexico.

  D.  Defendant has not rebutted the presumption favoring detention.

  E.  The Court finds, by a preponderance of evidence, that the Government has carried the burden of establishing that no condition or combination of conditions will reasonably assure the appearance of Defendant as required.

## III.

## ORDER

  IT IS HEREBY ORDERED that Defendant be detained pending trial in this matter.

  IT IS FURTHER ORDERED that Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in

1  custody pending appeal. Defendant shall be afforded reasonable opportunity for private
2  consultation with counsel.
3      While in custody, upon order of a court of the United States or upon the request of an
4  attorney for the United States, the person in charge of the correctional facility shall deliver
5  Defendant to the United States Marshal for the purpose of an appearance in connection with a
6  court proceeding or any other appearance stipulated to by defense and government counsel.
7      THIS ORDER IS ENTERED WITHOUT PREJUDICE.
8      IT IS SO ORDERED.
9  DATED: July 14, 2008

THE HONORABLE WILLIAM MCCURINE, JR.
United States Magistrate Judge

Prepared by:

s/Harold W. Chun

HAROLD W. CHUN
Assistant U.S. Attorney

cc: Elizabeth Barros, Esq.

4